IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF<br><br>TREVONTAY L. JENKINS,<br>Deceased | No. ESPR081070<br><br>PROTECTIVE ORDER |

COMES NOW the Court, and hereby enters the following Protective Order in the above captioned matter, under the following rules and conditions:

1.  This Protective Order shall govern all information, documents, electronic data, and all other items ("material") produced in response to a subpoena served on the City of Des Moines and the Des Moines Police Department ("City") by the Estate in the above captioned matter before the Court.

2.  If the City believes that any material includes information that it considers to be confidential, the City shall have the right to designate such material produced by them as "confidential material," and the Estate, including its agents, representatives, and all other persons acting on its behalf shall maintain the confidential material subject to the terms of this Protective Order.

3.  Material produced by the City may be designated as "Confidential" by marking the pages containing such information substantially as follows:

CONFIDENTIAL

Other material not capable of being so marked shall be designated as "Confidential" by the best means practicable and described generally in a letter or email to the attorney for the Estate.

4.  The Estate shall not disclose confidential material to any person except:

    (a) Administrator;

    (b) Attorney for the Estate and their staff;

1

(c) Attorneys authorized by court order to pursue a wrongful death action on behalf of the Estate and their staff;

(d) Court and staff (including court reporters);

(e) Experts, investigators, or litigation consultants engaged by the Estate to assist in litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Protective Order and not to disclose confidential material except as permitted in this Protective Order;

(f) Witnesses in a deposition in any wrongful death action filed by the Estate, provided that the witness is not allowed to retain any confidential material at the conclusion of the deposition;

(g) Any individual or entity that has independent knowledge of the confidential material and lawfully possesses the confidential material or who produced the confidential material.

5. Persons, other than the Court and staff, described in paragraph 4 shall be issued a copy of this Protective Order prior to receipt of confidential material.

6. If the Estate needs to submit confidential material to the Court, the confidential material shall be filed under seal.

7. In the event the Estate disagrees with the City's designation of any material as Confidential, the parties shall first try to resolve such dispute in good faith on an informal basis.

8. If the dispute cannot be resolved, the Estate may seek appropriate relief from the Court.

9. The inadvertent or unintentional disclosure of confidential material that has not been designated "Confidential" shall not be deemed a waiver in whole or in part of the City's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; and designation of "Confidential" hereunder may be made at any time to be effective upon and after such designation except as otherwise provided herein.

10. The City's production of confidential material in response to the Estate's subpoena shall not be construed as a concession by the City of Des Moines that such material is relevant, material, or admissible as to any issue in existing or future litigation.

11. Nothing in this Order shall be construed as waiving any objection to discovery requests or to introduction of evidence at any trial, nor shall this Order be construed to require the production of any particular material.

12. This Order does not prejudice or limit the City's right to seek additional or more extensive protection for any confidential material.

13. At trial, confidential material shall be handled as directed by the Court.

14. This Court retains and shall have continuing jurisdiction over the parties and recipients of confidential material for enforcement of the provisions of this Order.

15. Attorneys for the Estate shall be permitted to keep confidential material within their files for the period required by their professional rules of conduct. When Attorney stops maintaining the file, all confidential material shall be destroyed in such a manner that the information is irretrievable to any person.

13. This Order shall be binding upon City and the Estate along with their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

3

E-FILED          ESPR081070 - 2023 APR 28 10:31 AM          POLK
                 CLERK OF DISTRICT COURT                    Page 4 of 4



State of Iowa Courts

**Case Number** | **Case Title**
ESPR081070 | ESTATE OF TREVONTAY LEE JENKINS
**Type:** | OTHER ORDER

So Ordered

Katie Ranes, Associate Probate Judge
Fifth Judicial District of Iowa

Electronically signed on 2023-04-28 10:31:21