IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MONICA WOODS, as Special Administrator of the Estate of T.J., Deceased<br>　　Plaintiff,<br><br>vs.<br><br>CITY OF DES MOINES, DANA WINGERT, THOMAS GARCIA, and NOAH BOLLINGER<br>　　Defendants. | Case No. 4:23-cv-00520<br><br>PLAINTIFF'S REPORT TO THE COURT REGARDING AMENDED COMPLAINT |

NOW COMES Plaintiff Monica Woods, through counsel, and reports to the Court:

## I.　RELEVANT PORTIONS OF THE AMENDED COMPLAINT

Plaintiff's Amended Complaint pages 4 through 7 contain images obtained from the body cameras of the Defendant Officers.

## II.　LEGAL AUTHORITY TO RESTRICT PUBLIC ACCESS

Plaintiff obtained the body camera video from the City of Des Moines as part of a subpoena served in T.J.'s probate matter. *In the Matter of T.J.*, ESPR081070 (Iowa Dist. Polk Cty.). As part of the protective order, Plaintiff is required to file any materials that the City designated as "confidential material" under seal. Consistent with that protective order, Plaintiff filed the Amended Complaint under seal.

Plaintiff takes the view that none of the materials should be restricted from public access under section 232.149(2). Plaintiff thoroughly briefed the factual and legal reasons why section 232.149(2) does not restrict public access to the materials in her resistance to the City's motion for a protective order. (R. Doc. #19). In short, the Iowa Attorney General has opined in a formal opinion that section 232.149(2) does not prohibit "release of information concerning the facts and circumstances of a crime." 1992 Iowa Op. Att'y Gen. 41. The images in Plaintiff's Amended Complaint do nothing more than illustrate the "facts

and circumstances" of the alleged offense.

More importantly, the City's analysis of section 232.149(2) is incomplete. Iowa Code section 232.149(3) makes clear that juvenile acts in which the state district court (as opposed to juvenile court) has jurisdiction "are public records." Iowa Code § 232.149(3). In its motion to dismiss, the City asserts that T.J. pointed his gun at two officers. (R. Doc. #10 at 1). Intentionally pointing a gun at an officer is an assault on a peace officer. Iowa Code §§ 708.1(c), 708.3A(2). And, the Iowa Supreme Court has made clear, that a "felony charge of assault on a police officer with a dangerous weapon under Iowa Code section 708.3A(2) is a forcible felony under Iowa Code section 702.11." *State v. Gordon*, 943 N.W.2d 1, 3 (Iowa 2020). This is important because state district court has jurisdiction over forcible felonies committed by a juvenile. Iowa Code § 232.8(c). In summary, if T.J. pointed the gun at the officers – as the City contends – then it is a forcible felony for which the district court would have had jurisdiction, and the records "are public records." *Id.* § 232.149(3).

One final point – the central premise of the City's motion to dismiss is that Defendants are entitled to qualified immunity because "T.J. pointed the gun at the officers," which would constitute an assault on a peace officer. (R. Doc. #10 at 9). Yet, Defendants' report to the Court regarding public access to the Amended Complaint makes no mention of assault on a peace officer as a potential offense that T.J. committed. The reason is obvious. Had the City made that assertion in its report to the Court, then the records would be "public records" under section 232.149(3). The Court should not condone that type of gamesmanship. The City should be estopped from taking inconsistent positions in the litigation. *See Jones v. Bob Evans Farms, Inc.*, 811 F.3d 1030, 1032 (8th Cir. 2016)("Judicial estoppel is an equitable doctrine that prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a

previous proceeding).[1]

                                      Respectfully submitted,

                                      Gary Dickey, AT#0001999
                                      DICKEY, CAMPBELL, & SAHAG LAW FIRM, PLC
                                      301 East Walnut, Suite 1
                                      Des Moines, Iowa  50309
                                      Tel:  515.288.5008  Fax:  515.288.5010
                                      gary@iowajustice.com


                                      /s/ Lawrence Hymann
                                      Lawrence Hyman
                                      LAWRENCE H. HYMAN & ASSOCIATES, LTD.
                                      111 W. Washington Street, Suite 1025
                                      Chicago, Illinois  60602
                                      Tel:  312.346.6766  Fax:  312.346.9688
                                      hymanlaw@lhyman.com
                                      *pro hac vice*

                                      *Attorneys for Plaintiffs*

---

[1] Plaintiff renews its offer from its resistance to the earlier motion for a protective order.  (R. Doc. #19 at 5  n.2).  If the City will stipulate that T.J. did not intentionally point the firearm or otherwise display it in a threatening manner to the officers, Woods would accept the stipulation and agree that the records should be restricted from public access.  But, then it should not get to have it both ways.