## IN THE UNITED STATES DISTRICT
## COURT FOR THE SOUTHERN DISTRICT
## OF IOWA CENTRAL DIVISION

| | |
|---|---|
| MONICA WOODS, as Administrator of the Estate of T.J., Deceased, <br><br> Plaintiff, <br><br> v. <br><br> City of Des Moines; Dana Wingert; Thomas Garcia; Noah Bollinger, Zachary Duitscher, <br><br> Defendants. | Case No. 4:23-cv-00520 <br><br><br> MOTION TO FILE VIDEO, AS INCORPORATED BY THE AMENDED COMPLAINT, UNDER SEAL |

In Plaintiff's Amended Complaint (ECF 26, May 14, 2024), filed under seal, she has incorporated still frames of video. The Defendants assert that the inclusion of contents of the video are now "necessarily embraced" into the complaint. As such, the Court should have access to those videos in determining the pending motions to dismiss. However, they should be filed under seal for the reasons set forth below.

### VIDEO AS PART OF THE AMENDED COMPLAINT

"Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Enervations, Inc. v. Minn. Mining & Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir.2004) (quotations omitted). Documents necessarily embraced by the pleadings include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Ashanti v. City of Golden Valley,* 666 F.3d 1148, 1151 (8th Cir. 2012), citing *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir.2003).

The Court may consider the actual video of the segment in analyzing the motion to dismiss because it is "necessarily embraced by the complaint." *Id. see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 691 (7th Cir. 2012). "[I]t makes eminently good sense to consider the contents of television programs and similar works referenced in a complaint in deciding whether to grant a motion to dismiss. <u>Herron v. E.W. Scripps Co.</u>, 776 F. App'x 929, 930 (8th Cir. 2019).

Since it is now clear that the Plaintiff has not only referenced the video, but also used still shots from it, the body worn camera video should be made available to the Court in determining the motion to dismiss. This is especially important in light of the recent significant changes, including striking previous statements argued in the initial motion to dismiss, for the Court to have the source material to review. One example includes the previous assertion, "At the point in which T.J.'s arm was **parallel to the ground** across his stomach, Defendant Duitscher fired two shots at T.J., causing him to double over, fall to the ground, and drop his handgun." In the Amended Complaint, it now reads, "At the point in which T.J.'s arm was **across his stomach and chest, with the muzzle of the gun still pointed toward his head**, Defendant Duitscher fired two shots at T.J., causing him to double over, fall to the ground, and drop his handgun." Aside from seeming to be physically impossible, this is a significant departure from the previous recitation of facts, considering the Plaintiff has had the video prior to this action being filed. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372,

380 (2007). Since the video is now part of the complaint, it should be used to rule on the Motion

to Dismiss.

**FILED UNDER SEAL**

As previously set forth in a status report regarding the Amended Complaint (ECF 26, May

14, 2024):

1.   The still images from body camera footage, and the video from which they were derived,

in paragraphs 20, 24, 29, and 32 of Plaintiff's Amended Petition (ECF 23, May 7, 2024) are

required by law to be kept under seal. These images come from a record of the Des Moines

Police Department and concern a child involved in a delinquent act. As such, they are required to

be kept confidential pursuant to Iowa Code section 232.149(2).

2.   Iowa Code prohibits dissemination of juvenile delinquency information.

Records and files of a criminal or juvenile justice agency, an intake officer, or a juvenile
court officer concerning a child involved in a delinquent act are confidential. The records
are subject to sealing under section 232.150 unless the juvenile court waives its
jurisdiction over the child so that the child may be prosecuted as an adult for a public
offense. A criminal or juvenile justice agency may disclose to individuals involved in the
operation of a juvenile diversion program police reports and related information that
assist in the operation of the juvenile diversion program.

Iowa Code § 232.149(2).

Any person who knowingly discloses, receives, or makes use or permits the use of
information derived directly or indirectly from the records concerning a child referred to
in sections 232.147 through 232.150, except as provided by those sections or section
13B.4A, subsection 2, paragraph "c", shall be guilty of a serious misdemeanor.

Iowa Code § 232.151.

3.   The deceased, T.J., was under the age of 18 at the time of the events on December 26,

2022.

4.   T.J. committed a delinquent act. The Iowa Code defines delinquent act as any of the

following:

a. The violation of any state law or local ordinance which would constitute a public offense if committed by an adult except any offense which by law is exempted from the jurisdiction of this chapter.
b. The violation of a federal law or a law of another state which violation constitutes a criminal offense if the case involving that act has been referred to the juvenile court.
c. The violation of section 123.47 which is committed by a child.
d. The violation of sections 716.7 and 716.8, which is committed by a child.
e. The violation of section 724.4E which is committed by a child.

Iowa Code § 232.2(13).

5.    T.J.'s actions on December 26, 2022 were delinquent in several ways. The clearest is his violation of Iowa Code section 724.4E which provides that "A minor who carries … or possesses a loaded firearm of any kind within the limits of a city … commits a serious misdemeanor." Iowa Code § 724.4E(2). There is no question T.J. violated this statute by carrying and possessing a firearm in front of officers in the City of Des Moines. The Amended Petition is replete with admissions of this delinquent conduct.

6.    T.J.'s actions earlier in the evening also constituted delinquent acts. Police had received information through a 911 call that T.J. had threatened to kill a family member. This would be an assault in violation of Iowa Code section 708.1 and harassment in violation of Iowa code section 708.7(1)(*b*). These show T.J. had committed delinquent acts, and the body camera video and images show him in the process of committing a delinquent act.

7.    The videos related to paragraphs 20, 24, 29, and 32 come from body worn cameras of the Des Moines Police Department. As such, they are records of a criminal justice agency as defined by Iowa Code section 232.2(11).[1]

8.    Because the body camera videos are records of a criminal justice agency and they depict a juvenile who both had and was in the process of committing a delinquent act, they are

---

[1] "'Criminal or juvenile justice agency' means any agency which has as its primary responsibility the enforcement of the state's criminal laws or of local ordinances made pursuant to state law." Iowa Code § 232.2(11).

confidential under Iowa Code section 232.149(2). As such, the Court should approve sealing of the video incorporated into the Amended Petition.

9.   Plaintiff is also required by court order to file the videos under seal. Plaintiff obtained the police body camera videos pursuant to a Protective Order in the Iowa District Court for Polk County case involving T.J.'s estate, ESPR081070, as previously filed with the City' status report regarding the Amended Petition. (ECF 26, Attachment 1, May 14, 2024). Under that protective order, the City produced the videos and designated them as confidential. The Protective Order specifically requires any filings of such material to be under seal: "If the Estate needs to submit confidential material to the Court, the confidential material shall be filed under seal." (*In the matter of the Estate of Jenkins*, ESPR081070, at *2 (Apr. 28, 2023).) So, for either party to include videos from the confidential material obtained in the Estate case in this proceeding, that party is required to file the material under seal.

10. Both because the videos are confidential under Iowa law and because Plaintiff is required to file them under seal per the Iowa court order, the video referenced in paragraphs 20, 24, 29, and 32, and embraced by the Amended Complaint should be filed under seal.

Respectfully Submitted,

*/s/ Michelle Mackel-Wiederanders*
Michelle Mackel-Wiederanders
Assistant City Attorney
400 Robert D. Ray Drive
Des Moines, IA 50309-1891
Email: mrmackel@dmgov.org
Telephone: (515) 283-4537
LEAD ATTORNEY

/s/ Luke DeSmet
Luke DeSmet
Assistant City Attorney
City of Des Moines
400 Robert D. Ray Drive
Des Moines, Iowa 50309-1891
Email: lmdesmet@dmgov.org
Telephone: (515) 283-4110
ATTORNEYS FOR DEFENDANTS