**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| MONICA WOODS, as Special Administrator | ) | |
| of the Estate of T.J., Deceased | ) | |
|     Plaintiff, | ) | Case No. 4:23-cv-00520 |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF'S RESISTANCE** |
| CITY OF DES MOINES, DANA WINGERT, | ) | **DEFENDANTS' MOTION** |
| THOMAS GARCIA, and NOAH BOLLINGER | ) | **TO FILE VIDEO UNDER SEAL** |
|     Defendants. | ) | |

NOW COMES the Plaintiff Monica Woods, as Special Administrator of the Estate of T.J., Deceased, and in resistance to the Defendants' Motion to File Video as Incorporated by the Amended Complaint under Seal states:

### I.     THE COURT SHOULD CONVERT THE MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(D)

It is far from settled that Plaintiff's inclusion of photographs in her Amended Complaint opens the door to consideration of the entirety of the body camera videos. To the extent Court disagrees, it should order that all the available body camera video be considered because they too are "necessarily embraced by the complaint." *Ashantie v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). And, the Court should convert the Defendants' amended motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 12(d). It makes little sense to consider the question of qualified immunity on the pleadings under Defendants' expansive view of Plaintiff's amended Complaint only to revisit the issue a few months later by way of a summary judgment motion. To conserve judicial resources, the Court should allow limited discovery on the issue of Defendants' claim of qualified immunity and decide the issue on a full record. Indeed, that procedure is standard practice in the Southern District of Iowa. *See Robbins*

*v. City of Des Moines*, 4:18-cv-289 (S.D. Iowa 2018) (R. Doc. 10).

## II.   THERE IS NO LEGAL BASIS FOR DEFENDANTS TO FILE THE VIDEOS UNDER SEAL

The City asserts the videos are confidential under Iowa Code section 232.149(2).   "A party's ability to designate certain information 'confidential' under an agreed protective order does not provide a basis for filing the document under seal when offered in support of a dispositive motion." *Today's Office v. Steelcase, Inc.*, 2019 U.S. Dist. LEXIS 226674 *1 (E.D. Ark. Dec. 3, 2019).   "Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute."   *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018).   "The primary rationales for this right are the public's confidence in, and the accountability of, the judiciary." *Id.* "Whether the common-law presumption can be overcome is determined by balancing the interests served by the common-law right of access against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* (quotations omitted).   "In order to adjudicate the issue, a court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records." *Id.*   "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." Id.

## A.   Section 232.149 does not protect juvenile records involving acts for which the district court would have primary jurisdiction

The City contends the body camera video and investigative records are confidential pursuant to Iowa Code section 232.149(2), which provides:

> 2.  Records and files of a criminal or juvenile justice agency, an intake officer, or a juvenile court officer concerning a child involved in a delinquent act are confidential.  The records are subject to sealing under section 232.150 unless the juvenile court waives its jurisdiction over the child so that the child may be

> prosecuted as an adult for a public offense. A criminal or juvenile justice agency
> may disclose to individuals involved in the operation of a juvenile diversion
> program police reports and related information that assist in the operation of the
> juvenile diversion program.

Iowa Code § 232.149(2). The Iowa Supreme Court has made clear that interpretation of statutes

begins with "the language of the *statute as a whole*." *Doe v. State*, 943 N.W.2d 608, 610 (Iowa

2020)(emphasis added). The language of section 232.149 as a whole demonstrates that it does

not apply to T.J.'s delinquent acts. Section 3 provides that certain juvenile records "are public

records" for offenses that begin in district court rather than juvenile court:

> 3. *Records and files of a criminal or juvenile justice agency, an intake officer,
> or a juvenile court officer concerning a defendant transferred under section 803.6
> to the juvenile court for the alleged commission of a public offense are public
> records*, except that release of criminal history data, intelligence data, and law
> enforcement investigatory files is subject to the provisions of section 22.7 and
> chapter 692, and juvenile court social records shall be deemed confidential
> criminal identification files under section 22.7, subsection 9. The records are
> subject to sealing under section 232.150.

Iowa Code § 232.149(3)(emphasis added). When considered in unison, the only reasonable

interpretation is that records involving delinquent acts for which the juvenile court has exclusive

jurisdiction "are confidential" under section 232.149(2). Conversely, records involving juvenile

acts for which the district court has primary jurisdiction "are public records" under section

232.149(3).[1] This is true even if the juvenile defendant is later transferred to juvenile court

through a reverse waiver under section 803.6.

In Iowa, "violations which constitute a forcible felony are excluded from the jurisdiction

of the juvenile court and shall be prosecuted as otherwise provided by law unless the district

---

[1] Woods's interpretation is reinforced by section 232.147(4), which provides that "[o]fficial
juvenile court records containing a petition or complaint alleging the commission of a delinquent act *that
would be a forcible felony if committed by an adult* shall be public records subject to a confidentiality
order under section 232.149A or sealing under section 232.150. Iowa Code § 232.147(4)(emphasis
added).

court transfers jurisdiction of the child to the juvenile court upon motion and for good cause pursuant to section 803.6." *Id.* § 232.8(c). "The felony charge of assault on a police officer with a dangerous weapon under Iowa Code section 708.3A(2) is a forcible felony under Iowa Code section 702.11." *State v. Gordon*, 943 N.W.2d 1, 3 (Iowa 2020).[2]  Accordingly, T.J.'s delinquent act would have started in district court, and his records would have been public – even if his case was subsequently transferred to juvenile court pursuant to a reverse waiver under section 803.6. As a result, section 232.149 does not render the records and files confidential as a matter of law.

**B.      Notwithstanding section 232.149, Iowa Code section 22.7(5) does not protect disclosure of the immediate facts surrounding T.J.'s shooting death so long as his identity is not disclosed.**

By "enacting § 232.149(2), the Iowa legislature intended to prohibit disclosure of law enforcement records in order to protect the identity of the juvenile involved." 1992 Iowa Op. Att'y Gen. 41.  But, section 232.149(2) must be read in conjunction with Iowa Code section 22.7(5), which mandates that law enforcement agencies release records that include the "immediate facts and circumstances surrounding a crime or incident." Iowa Code § 22.7(5).  For this reason, the Iowa Attorney General has opined that section 232.149(2) "prohibits release of law enforcement information concerning juveniles prior to the filing of a complaint or petition regardless of whether a taking into custody takes place, or a citation is issued.  *It does not prohibit, however, release of information concerning the facts and circumstances of a crime*." 1992 Iowa Op. Att'y Gen. 41 (emphasis added).  It goes without saying that neither party seeks to employ the body camera videos to disclose T.J.'s identity.  That information already is known and has been reported publicly in the media.  *See* Bill Steiden, *Mother of 16-year-old slain by*

---

[2] In its Motion to Dismiss, the City asserts that T.J. pointed the gun in such a way that posed "an imminent threat to the officers and others." (R. Doc. #10 at 8).  If the City stipulates that T.J. did not intentionally point the firearm or otherwise display it in a threatening manner to the officers, Woods would accept the stipulation. *See* Iowa Code § 708.1(2)(c) (defining an assault).

4

*Des Moines police files wrongful death lawsuit*, Des Moines Register (Dec. 27, 2023).

Accordingly, Defendants have no legal basis under section 22.7(5) to withhold that information

from public disclosure.

Plaintiff's interpretation is consistent with the legislative intent behind section 232.149,

which is to "prohibit disclosure of contents of law enforcement records in order to protect the

identity of the juvenile involved."  1992 Iowa Op. Att'y Gen. 41.  It "assures that persons taken

into custody by mistake or those for whom no criminal complaint is filed will never come to

public attention."  *Id.*  The only reason T.J. was never charged as a delinquent juvenile was

because the officers fatally shot him on the scene.  More importantly, the entire matter has been

brought to the public's attention through an agency review of the officer-involved shooting,[3] this

wrongful death lawsuit, and surrounding media reporting.  Additionally, the General Assembly

provided a process through which the juvenile court could release delinquency records if the

"public's interest in making the records public outweighs the juveniles interest in maintaining the

confidentiality of the records."  Iowa Code §232.149B(2).  Of course, that process is not

available to T.J. because of his death.  It would flout legislative intent to maintain confidentiality

of the records when the party to which the privacy protection exists – T.J. – is the party seeking

to have them released publicly.[4]

---

[3] On January 18, 2023, the Iowa Attorney General released her report to the public.  *See*
2023_E24498DA99B44.pdf (iowaattorneygeneral.gov) (last accessed 12/29/23).

[4] Because T.J. is deceased, this is not a situation in which he may be "stigmatized and humiliated
if the sensitive information in the record is made public."  *Compare Webster Groves School Dist. v.
Pulitzer Pub. Co.*, 898 F.2d 1371, 1377 (8th Cir. 1990).  T.J.'s privacy interests are represented by Woods
– the administrator of his estate – who resists sealing the body cam video and investigative reports.

## <u>CONCLUSION</u>

WHEREFORE, for the reasons stated above, the Plaintiff Monica Woods requests this Court enter an order converting Defendants' amended motion to dismiss into a motion for summary judgment under Rule 12(d).  Plaintiff further requests this Court deny Defendants' motion to file the videos under seal.

Respectfully submitted,

_____
Gary Dickey, AT0001999
DICKEY, CAMPBELL, & SAHAG LAW FIRM, PLC
301 East Walnut, Suite 1
Des Moines, Iowa  50309
Tel:  515.288.5008  Fax:  515.288.5010
gary@iowajustice.com


/s/ Lawrence Hyman_____
Lawrence Hyman
LAWRENCE H. HYMAN & ASSOCIATES, LTD.
111 W. Washington Street, Suite 1025
Chicago, Illinois  60602
Tel:  312.346.6766  Fax:  312.346.9688
hymanlaw@lhyman.com
*pro hac vice*

*Attorneys for Plaintiffs*