IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF IOWA CENTRAL DIVISION

| | |
|---|---|
| MONICA WOODS, as Administrator of the Estate of T.J., Deceased,<br>    Plaintiff,<br><br>v.<br><br>CITY OF DES MOINES; DANA WINGERT; THOMAS GARCIA; NOAH BOLLINGER, ZACHARY DUITSCHER,<br>    Defendants. | Case No. 4:23-cv-00520<br><br><br>BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO FILE SUMMARY JUDGMENT DOCUMENTS UNDER SEAL |

**FACTUAL BACKGROUND**

On December 26, 2022, Officers Zachary Duitscher, Noah Bollinger, Thomas Garcia, and Nick Howard responded to a 911 call related to a sixteen-year-old who was in possession of a gun and had, reportedly, engaged in a domestic assault. (Doc. 30, at 4 ¶16-21.) That sixteen-year-old was TJ, the decedent in this case. (Doc. 30, at 4 ¶16.) The officers first encountered TJ when he fled from them into an apartment where they interacted with him for several minutes. (Doc. 30, at 4-7.) During that time, TJ was holding a gun and refused officers' commands to drop the gun. (Doc. 30, at 4-7; Affidavit of Nick Lloyd ("Lloyd Aff.") ¶5.) After several minutes, TJ moved his gun in the direction of Officer Duitscher. (Lloyd Aff. ¶5.) Officers Duitscher, Bollinger, and Garcia discharged their firearms. (Doc. 30, at 7 ¶35-38.) TJ died.

## Identifiers

Des Moines Police dispatch issued a call for officers to respond to the scene where TJ was. (Lloyd Aff. ¶3.) In that dispatch, TJ's full name was used along with discussion of having committed a domestic assault and having a warrant for his arrest. (Lloyd Aff. ¶3.) The recording of the dispatch call is maintained by the Des Moines Police Department. (Lloyd Aff. ¶4.)

While interacting with TJ, all four officers had activated body-worn video cameras. (Lloyd Aff. ¶5.) These videos show the interactions between TJ and officers. (Lloyd Aff. ¶5.) In the videos, TJ's face can be seen and his name is used. (Lloyd Aff. ¶5.) The videos also show TJ holding his gun and continuing to move it around while interacting with officers. (Lloyd Aff. ¶5.) The videos also show changes in TJ's body language and, importantly, his facial expressions. (Lloyd Aff. ¶6.) The four body camera videos are records maintained by the Des Moines Police Department. (Lloyd Aff. ¶7.)

After events with TJ, Officer Grant Purcell and Brian Foster prepared supplemental reports related to those events. (Lloyd Aff. ¶8-9.) Officer Purcell's supplemental report describes a phone call he had with Officers Bollinger and Garcia in which Officer Purcell described a previous encounter with TJ. (Lloyd Aff. ¶8.) Officer Purcell's discussion of the prior interaction discusses TJ having engaged in criminal conduct during the prior interaction. (Lloyd Aff. ¶8.) Officer Foster's report describes TJ being taken to the hospital after the shooting. (Lloyd Aff. ¶9.) Both reports are maintained by the Des Moines Police Department. (Lloyd Aff. ¶8-9.)

After the events with TJ, the officers involved were interviewed by the Iowa Department of Criminal Investigations. (Lloyd Aff. ¶10.) Transcripts of those interviews were prepared. (Lloyd Aff. ¶10.) The transcripts of Officer Duitscher and Bollinger's interviews involve discussion of TJ by name and his actions during his encounter with officers on December 26,

2022. (Lloyd Aff. ¶10.) The transcripts of the interviews are maintained by the Iowa Department of Criminal Investigations. (Lloyd Aff. ¶10.)

### Criminal Justice Organizations

The Des Moines Police Department works to enforce the State of Iowa's criminal laws and local ordinances. (Lloyd Aff. ¶12.) The Iowa Department of Criminal Investigation works to enforce the State of Iowa's criminal laws. (Lloyd Aff. ¶13.)

### DOCUMENTS AT ISSUE

The nine documents the City requests be sealed are as follows:

- Body Camera Video from Officer Noah Bollinger: Shows TJ including his face during his interactions with DMPD officers including his refusal to put down his gun. Audio contains repeated mentions of TJ's name.

- Body Camera Video from Officer Thomas Garcia: Shows TJ including his face during his interactions with DMPD officers including his refusal to put down his gun. Audio contains repeated mentions of TJ's name.

- Body Camera Video from Officer Zachary Duitscher: Shows TJ including his face during his interactions with DMPD officers including his refusal to put down his gun. Audio contains repeated mentions of TJ's name.

- Body Camera Video from Officer Nick Howard: Shows TJ including his face during his interactions with DMPD officers including his refusal to put down his gun. Audio contains repeated mentions of TJ's name.

- Des Moines Police Dispatch Recording: Recording contains description of criminal activity by TJ that caused his stepfather to call 911 as well as TJ's full name.

- Zachary Duitscher DCI Interview: Contains TJ's name and descriptions of his interactions with officers including his refusal to put down his gun.

- Noah Bollinger DCI Interview: Contains TJ's name and descriptions of his interactions with officers including his refusal to put down his gun.

- Supplemental Report of Officer Grant Purcell: Contains description of call Officer Purcell had with Officers Bollinger and Garcia including TJ's name and discussion of prior criminal activity by TJ.

- Supplemental Report of Officer Brian Foster: Contains description of TJ being transported to hospital after shooting.

**ARGUMENT**

**1. The Court should authorize the videos and dispatch recording to be filed under seal to comply with Federal Rule of Civil Procedure 5.2(a).**

This Court has the authority to authorize documents to be filed under seal. While there is generally a common-law right of access to judicial proceedings, that right is not absolute. *Nixon v. Warner Comms., Inc.* 435 U.S. 589, 598 (1978). When access is at issue, the court should balance the value of sealing records against the interference with public access. *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).

Federal Rule of Civil Procedure contemplates that some documents may be sealed and gives district courts the right to order filings to be made under seal. Fed. R. Civ. P. 5.2(d). The Rules also recognize that some information should generally be kept confidential and lists categories of information like social security numbers, an individual's birth year, and minors' full names as information that should be kept confidential through redaction. Fed. R. Civ. P. 5.2(a). The Rules' requirement for "the name of an individual known to be a minor" to be redacted is an

implicit indication that the identity of minors should be protected from public disclosure. While redaction is effective for written documents, it is less effective for video and audio.

The four body camera videos and the dispatch audio should be sealed under Rule 5.2(d) because they cannot be effectively redacted. Unlike paper documents where redaction can be easily applied, this cannot be done simply for video and audio. Altering the video by blurring or otherwise blocking out TJ's face and body would distort a viewer's perception of events and TJ's demeanor. The videos show changes in TJ's body language and facial expressions over the course of his interaction with officers that be lost if the video was altered. (Lloyd Aff. ¶6.) These were part of the critical information the officers had in evaluating the threat level and are imperative for the court's consideration of the totality of the circumstances. Specifically, the changes in TJ's body language and facial expressions are relevant to what the officers perceived prior to using force against him. Similarly, Defendants anticipate Plaintiff will argue that the tilt of TJ's head and the direction his eyes are focused on are indicators force should not have been used. For both parties, the unaltered video is necessary to evaluate the reasonableness of the force used.

Similarly, altering the audio of the videos and the dispatch recording would change evidence necessary for this Court's consideration of summary judgment. Editing out TJ's name from audio would affect consideration of what was being said. For the videos especially, there is often cross-talk so it is likely that editing out TJ's name would require editing out other audio information as well.

Rule 5.2(a) requires redaction of TJ's identity to protect that information from public disclosure. That cannot be effectively done with the video and audio of the four body camera videos and the dispatch recording without impacting the parties' ability to argue whether the

force used in this case was reasonable and the Court's ability to evaluate those arguments. Because submission of unaltered videos and audio is necessary for determination of the City's summary judgment motion, the Court should order that these items can be filed under seal pursuant to Rule 5.2(d).

**2. The Court should authorize all nine documents to be filed under seal because their public disclosure is a serious misdemeanor under Iowa law.**

Iowa law generally requires that documents relating to criminal activity of minors be kept confidential. Iowa Code section 232.149(2) provides:

> Records and files of a criminal … justice agency, … concerning a child involved in a delinquent act are confidential. The records are subject to sealing under section 232.150 unless the juvenile court waives its jurisdiction over the child so that the child may be prosecuted as an adult for a public offense. A criminal or juvenile justice agency may disclose to individuals involved in the operation of a juvenile diversion program police reports and related information that assist in the operation of the juvenile diversion program.

Iowa Code § 232.149(2). It is a serious misdemeanor to improperly disclose records governed by this statute. Iowa Code § 232.151.

The records Defendants seek to file under seal are confidential under section 232.149(2). Going through the first sentence identifying what records are to be confidential, the elements are met. The Des Moines Police Department and the Iowa Department of Criminal Investigation are criminal justice agencies. (Lloyd Aff. ¶¶12&13.) A "'Criminal … justice agency' means any agency which has as its primary responsibility the enforcement of the state's criminal laws or of local ordinances made pursuant to state law." Iowa Code § 232.2(11). Both agencies work to enforce the state's criminal laws. (Lloyd Aff. ¶12-13.)

Next, these records concern TJ who was a minor on December 26, 2022. (Lloyd Aff. ¶3.) There is no dispute as to this as Plaintiff identified TJ as a minor in the First Amended Complaint. (Doc. 30, at 4 ¶16.) TJ was engaging in delinquent acts on December 26, 2022.

Delinquent acts include "The violation of any state law or local ordinance which would constitute a public offense if committed by an adult except any offense which by law is exempted from the jurisdiction of this chapter." Iowa Code § 232.2(13). TJ engaged in actions that would constitute crimes by committing a domestic assault with a gun, refusing to comply with officer commands to put his gun down, and moving his gun in a way that it was directed at Officer Duitscher. (Lloyd Aff. ¶11.)

All of the requirements for confidentiality under section 232.149 are met, and the records Defendants seek to seal are confidential. They are records of either the Des Moines Police Department or the Iowa Department of Criminal Investigation that show or discuss TJ engaging in criminal conduct. The Court should allow these documents to be filed under seal because they are confidential under Iowa law and it is a crime for them to be improperly disclosed. Refusing to allow these documents to be filed under seal would put Defendants in the untenable position of either committing a serious misdemeanor or failing to defend against Plaintiff's claims.

Defendants acknowledge that records designated confidential under state law are not, per se, required to be filed sealed in federal court. *See Tower v. Leslie-Brown*, 167 F.Supp.2d 399, 404-06 (D. Me. 2001); *M.P. v. Schwartz*, 853 F.Supp. 164, 167-69 (D. Md. 1994). It is appropriate to balance public interests against the reason for keeping them sealed. In this case, the records should be kept sealed. Both the Federal Rules' indication that the identity of minors should be kept confidential and the fact that Iowa law makes improper disclosure a crime indicate the substantial interest in keeping these nine records sealed so that TJ's identity is protected and state law is complied with. While the public has an interest in access to court records, including where law enforcement officers are alleged to have acted improperly, sealing these records that are confidential will not prevent the public from reviewing the statement of

facts and summary judgment memorandum which will provide substantial information about the events of the case that are kept sealed. Authorizing these documents to be filed under seal will allow public access to information about the case and Defendants' motion while still promoting the interest in keeping minors' identity and information about crimes committed by minors confidential. For all of these reasons, the Court should order that Defendants may file the nine identified documents under seal.

**3. Plaintiff's resistance to filing these documents under seal is irreconcilable with the previous request for a protective order.**

On August 29, 2025, this Court entered an Agreed Confidentiality Order. (R. Doc. 53.) This Order was entered upon mutual agreement of the parties and on Plaintiff's motion. (R. Doc. 49.) Plaintiff's motion indicated that the protective order was intended to protect Plaintiff's interests. (R. Doc. 49, at 1.) Only four months ago, Plaintiff agreed that confidentiality regarding documents related to TJ was important and sought this Court's order to designate documents as confidential.

The Confidentiality Order contemplated documents like the kind at issue here would be confidential. The Order listed categories of documents that would be confidential and included as the first such category: "information prohibited from disclosure by statute." (R. Doc. 49, at 1.) Given that the nine documents at issue are protected from disclosure by criminal penalty under Iowa statutes, it is unclear why Plaintiff is now resistant to sealing these documents. To simultaneously cherry-pick their own confidential documents to be sealed while resisting the City's effort to protect its confidential documents and to follow state law and the rules of this court is a spurious position.

WHEREFORE, for the reasons set forth above and for good cause shown, Defendants respectfully request that the Court grant leave to file the documents identified under seal.

Respectfully Submitted,

*Michelle Mackel-Wiederanders*
Michelle Mackel-Wiederanders
Luke DeSmet
Assistant City Attorneys
400 Robert D. Ray Drive
Des Moines, IA  50309-1891
Telephone: (515) 283-4537
E-Mail:  MRMackel@dmgov.org
          LMDesmet@dmgov.org
ATTORNEYS FOR THE CITY OF DES MOINES, CHIEF DANA WINGERT, and OFFICERS BOLLINGER, DUITSCHER, and GARCIA

December 31, 2025