IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| MONICA WOODS, as Administrator of the Estate of T.J., Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF DES MOINES a Municipal Corporation; DANA WINGERT in his Official Capacity as Chief of Police for the City of Des Moines, Iowa; THOMAS GARCIA, Individually and in his Official Capacity as a Police Officer for the City of Des Moines, Iowa; NOAH BOLLINGER, Individually and in his Official Capacity as a Police Officer for the City of Des Moines, Iowa; and ZACHARY DUITSCHER, Individually and in his Official Capacity as a Police Officer for the City of Des Moines, Iowa,<br><br>Defendants. | ) | Case No. 4:23-cv-00520<br><br>PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER RESISTANCE TO DEFENDANTS' MOTION TO FILE SUMMARY JUDGMENT DOCUMENTS UNDER SEAL |

NOW COMES Plaintiff Monica Woods, through counsel, and provides the Court with this memorandum of authorities in support of her resistance to Defendants' Motion to File Summary Judgment Documents Under Seal. (R. Doc. #57):

**ANALYSIS**

**THERE IS NO LEGAL BASIS TO PRECLUDE PUBLIC DISCLOSURE OF THE EVIDENCE SHOWING THE IMMEDIATE CIRCUMSTANCES SURROUNDING THE POLICE ENCOUNTER THAT CULMINATED WITH THE SHOOTING DEATH OF T.J.**

Defendants seek leave of the Court to file designated summary judgment materials under seal pursuant to Iowa Code section 232.149(2), which provides:

> Records and files of a criminal or juvenile justice agency, an intake officer, or a juvenile court officer concerning a child involved in a delinquent act are confidential. The records are subject to sealing under section 232.150 unless the juvenile court waives its jurisdiction over the child so that the child may be prosecuted as an adult for a public offense. A criminal or juvenile justice agency may disclose to individuals involved in the operation of a juvenile diversion program police reports and related information that assist in the operation of the juvenile diversion program.

Iowa Code § 232.149(2). Defendants take the position that T.J. was "engaging in a delinquent act," and

therefore, they would be committing a serious misdemeanor by making them available to the public. (R. Doc. #57 at 8-9). Defendants misread section 232.149 in furtherance of their desire to avoid the transparency traditionally afforded by open public access to the courts.

As the Iowa Supreme Court recently reiterated, the words of statute "should not be read in isolation but together with the words that surround it." *State v. Meisheid*, 26 N.W.2d 800, 803 (Iowa 2025). Or said another way, a court must "read statutes as a whole rather than looking at words and phrases in isolation." *Doe v. State*, 943 N.W.2d 608, 613 (Iowa 2020). Following this command, it is clear that section 232.149 presupposes the existence of a pending juvenile delinquency proceeding and therefore does not apply to a deceased individual. For starters, the threshold question of whether a child has committed a delinquent act requires the filing of a petition in state court. Iowa Code § 232.25(1) ("A *formal judicial proceeding to determine whether a child has committed a delinquent act* shall be initiated by the filing . . . of a petition alleging the child has committed a delinquent act") (emphasis added). Here, there was no delinquency petition because Defendants shot and killed T.J. before one could be filed.

Moreover, the text of section 232.149 itself contradicts Defendants' view that it applies to a deceased juvenile. Consider, for example, the T.J.'s records would not be confidential if the juvenile court "waive[d] its jurisdiction over" over him so that he could prosecuted as an adult. *Id.* § 232.25. But, that cannot happen because there was never a petition pending in juvenile court. Along the same lines, section 232.149 provides that the confidential records "are subject to sealing under section 232.150." *Id.* § 232.150. Section 232.150, by its own terms, applies only after there has been "an adjudication of delinquency" or "a complaint or petition alleging delinquency that did not result in an adjudication." *Id.* § 232.150(1)(a). Again, no delinquency petition was ever filed – let alone an adjudication of delinquency – because T.J. died contemporaneously with being shot to death.

Defendants also overlook section 232.149(3), which provides that the records of juveniles whose offenses make them subject to the primary jurisdiction of adult court under section 806.3 "*are public records*." *Id.* § 232.149(3) (emphasis added). This includes forcible felonies committed by juveniles aged sixteen or older. *Id.* §§ 232.8(1)(c), 803.6(1). Under Iowa law, an assault on a police officer with a

dangerous weapon is a forcible felony. *State v. Gordon*, 943 N.W.2d 1, 3 (Iowa 2020). Consequently, the delinquent act Defendants accuse T.J. of committing would have commenced in district court, and his records would have been "public records" under section 232.149(3). As a result, section 232.149(2) would not apply to T.J. anyway. In other words, Defendants invoke the wrong subsection of section 232.149. The correction subsection expressly identifies T.J. records as "public records." *Id.* § 232.149(3).

To summarize, Defendants' interpretation is pulled entirely from an isolated soundbite of section 232.149(2). The statute as a whole, however, makes clear that the confidentiality provisions do not apply in the case of a deceased juvenile when no delinquency petition was ever filed. Alternatively, the records would not be confidential because the delinquent act T.J. allegedly committed would have been subject to the original jurisdiction of district court.[1] As section 232.149(3) provides, the records of juveniles whose offenses would have invoked the original jurisdiction of district court "are public records" even if the juvenile is later waived down to juvenile court.

One final point. Defendants' criticism of Plaintiff's consent to a protective order is an exercise in revisionist history. The protective order to which Plaintiff consent merely allows the parties to designate discovery materials as "confidential" subject to right to seek judicial review. Plaintiff did not concede that section 232.149 applied to any materials in this case. (R. Doc. #53 at ¶16) ("Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection"). Just the opposite, Plaintiff has always maintained that section 232.149(2) does not apply to any of records in this case. As the docket reflects, Plaintiff resisted Defendants' first motion for a protective order based on section 232.149, *which the Court denied*. (R. Docs. #18, 19, 21). Thus, Defendants' criticism is both inaccurate and unwarranted.

**CONCLUSION**

For the reasons articulated herein, Defendants' motion to seal should be denied in its entirety.

[1] Of course, if Defendants are willing to stipulate that T.J. did not commit an assault on a police officer with a dangerous weapon, Plaintiff would reevaluate her position with respect to this motion.

Respectfully submitted,

______________________________

Gary Dickey, AT#0001999
DICKEY, CAMPBELL, & SAHAG LAW FIRM, PLC
301 East Walnut, Suite 1
Des Moines, Iowa 50309
Tel: 515.288.5008 Fax: 515.288.5010
gary@iowajustice.com

PROOF OF SERVICE

The undersigned hereby certifies that on 01/07/26 a true copy of the foregoing instrument was served upon each of the attorneys of record, or the parties if unrepresented, at their respective addresses disclosed on the pleadings.

By: _____ U.S. Mail _____ Fax
_____ Courthouse Mail _____ Hand delivered
_____Certified Mail **X** Other: Electronically

Signature: __/s/ Gary Dickey_____________________